\*\* E-filed on 7/6/05 \*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL S. CANLAS, an Individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESKANOS & ADLER, P.C., et al.,<br><br>Defendants. | Case Number C 05-00375 JF<br><br>ORDER DENYING MOTION TO DISMISS<br><br>[Docket No. 10] |

Defendants Eskanos & Adler, P.C. ("E&A"), Irwin J. Eskanos, Donald R. Stebbins, Jeff Daniel, and Jerome M. Yalon, Jr. (collectively "Defendants") move to dismiss one of several claims brought by Plaintiff Michael S. Canlas ("Canlas") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Canlas opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on June 3, 2005. For the reasons set forth below, the motion will be denied.

**I. BACKGROUND**

Canlas owed two debts to Discover Bank ("Debt A" and "Debt B"), which were referred to E&A for collection. On January 27, 2004, E&A sent two collection letters to Canlas, notifying

him of each debt and informing him that it would assume the debts were valid unless he disputed them within thirty days of receiving the letters. *See* First Am. Compl., Exs. A, B. E&A identified itself in the letters as the "collection attorney" for Discover Bank. A few weeks later, on February 12, 2004, E&A sent another letter to Canlas, demanding payment of Debt B within seven days. *See* First Am. Compl., Ex. C. The next day, E&A sent a letter requesting voluntary resolution of the combined amounts of Debt A and Debt B. *See* First Am. Compl., Ex. D. On February 25, 2004, E&A sent two additional letters to Canlas; one of the letters ("Exhibit E") offered a discounted settlement amount for Debt B, so long as payment was received by March 15, 2004, *see* First Am. Compl., Ex. E, and the other ("Exhibit F") demanded payment of the combined amounts of Debt A and Debt B within seven days (i.e., by March 3, 2004), *see* First Am. Compl., Ex. F. Exhibit F states, in pertinent part:

> WE HAVE PREVIOUSLY ADVISED YOU THAT WE ARE THE ATTORNEYS FOR THE ABOVE NAMED CREDITOR REGARDING YOUR DELINQUENT ACCOUNT IN THE AMOUNT SHOWN ABOVE. DESPITE OUR REQUEST THAT YOU VOLUNTARILY PAY THE BALANCE OF THIS CLAIM SO THAT FURTHER ACTION BY OUR OFFICE CAN BE AVOIDED, YOU HAVE FAILED TO DO SO.
>
> THIS LETTER CONSTITUTES WRITTEN DEMAND FOR THE OUTSTANDING BALANCE. PAYMENT SHOULD BE RECEIVED BY OUR FIRM WITHIN SEVEN (7) CALENDAR DAYS FROM THE DATE OF THIS LETTER.

*Id.*

Canlas brings this action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. As relevant to the instant motion, Canlas alleges that Exhibit F, based on its plain language and also read in light of Exhibit E, unlawfully threatens unintended action and is false, deceptive, and/or misleading. Defendants move to dismiss this claim.[1]

//

---

[1] Although Defendants also moved to dismiss Canlas' claim that Exhibit E contains a false settlement offer, Canlas indicated in his opposition brief that this allegation was "left in [the First Amended Complaint] inadvertently," Opp'n at 1 n.1. Accordingly, the Court need not address it. Defendants do not presently move to dismiss Canlas' claims for false representation by an attorney based on Exhibits A-F and inappropriate demand for payment within the thirty-day validation period based on Exhibit C.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The Court also may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

## III. DISCUSSION

Canlas claims that Defendants threatened unintended action and used false, deceptive, and/or misleading means in connection with collection of a debt in violation of the FDCPA. The FDCPA provides, in pertinent part:

> A debt collection may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) The threat to take any action that . . . is not intended to be taken.

3

. . .

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. The Court determines as a matter of law whether the language of a collection letter violates the FDCPA. *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997). In making that determination, the Court applies a "least sophisticated debtor" standard. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). Although the standard is objective, it is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."[2] *Id*. at 1227.

    Defendants move to dismiss on the ground that Exhibit F does not contain a threat—either explicit or implicit—and is not false, deceptive, or misleading. They argue that Exhibit F simply demands payment and does not state any specific action as a consequence of failing to comply with the demand. They further argue that a threat of legal action is not implied merely by the fact that E&A is a collection attorney firm and that the letters were printed on attorney letterhead. Defendants assert that, in the absence of any threat, Canlas has no actionable claim under 15 U.S.C. § 1692e(5) or 15 U.S.C. § 1692e(10).

    The Court declines to hold that the language in Exhibit F is non-threatening under the FDCPA, because the least sophisticated debtor could interpret such language as a threat of legal action. The threat is implied by the statement, "DESPITE OUR REQUEST THAT YOU VOLUNTARILY PAY THE BALANCE OF THIS CLAIM *SO THAT FURTHER ACTION BY OUR OFFICE CAN BE AVOIDED*, YOU HAVE FAILED TO DO SO," combined with the repeated identification of E&A as the creditor's "collection attorney." First Am. Compl., Ex. F (emphasis added). Faced with such a letter, the least sophisticated debtor reasonably could assume that, having failed voluntarily to pay the debt, the debtor would be faced with "further action" (i.e., action no longer could "be avoided") and that such action would be legal in nature,

---

    [2] Because the "least sophisticated debtor" standard is objective, Defendants' assertion that Canlas must allege actual consumer deception in order to state a claim upon which relief can be granted is incorrect.

4

Case No. C 05-00375 JF
ORDER DENYING MOTION TO DISMISS
(JFEX2)

as it would be taken by the collection attorney who had sent the letter.  This conclusion is consistent with other cases from the district in which vague threats of "other remedies" or "further steps" have been found to constitute an implied threat of legal action to the least sophisticated debtor.  *See, e.g.*, *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1085 (N.D. Cal. 2004) (denying motion to dismiss where collection letter stated that failure to remit payment "may necessitate . . . using other remedies to collect [the] dishonored check"); *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *4 (N.D. Cal. May 5, 2003) (denying motion to dismiss where creditor's agent was alleged to have stated over the telephone that, if the debtor did not "work with" the creditor, "further steps would be taken").

        Although Defendants are correct that the fact that a letter is from an attorney does not, by itself, imply a threat of legal action, *see Sturdevant v. Jolas*, 942 F. Supp. 426, 430 (D. Wis. 1996) (noting that to hold otherwise would mean that "every collection letter from an attorney would be subject to an FDCPA action . . . [which] was not the intent of Congress"), here the threat is implied by the combination of vague language regarding "further action" *and* the identity of the sender.  The instant case is distinguishable from *Wade v. Regional Credit Ass'n*, on which Defendants rely.  *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996).  In *Wade*, the court held that the following language did not violate the FDCPA:

> WHY HAVEN'T WE HEARD FROM YOU?
> OUR RECORDS STILL SHOW THIS AMOUNT OWING.
> If not paid TODAY,
> it may STOP YOU FROM OBTAINING credit TOMORROW.
> PROTECT YOUR CREDIT REPUTATION.
> SEND PAYMENT TODAY.

*Id.* at 1099.  The court reasoned that "the least sophisticated debtor would construe the notice as a prudential reminder, not as a threat to take action," observing also that the letter provided correct information and thus contained no false representations.  *Id*. at 1100.  In contrast to the debt collector in *Wade*, E&A alluded to "further action" that it, as the collection attorney, might take because Canlas had not paid his debt voluntarily.  Nothing about Exhibit F could be described as a "prudential reminder" of the kind at issue in *Wade*.  Finally, the Court rejects Defendants' suggestion that any violation of the FDCPA in the instant case is "hypertechnical,"

5

Mot. at 12, as it has found that Exhibit F reasonably could be interpreted by the least sophisticated debtor as a threat of legal action.

Because the language of Exhibit F constitutes a threat pursuant to 15 U.S.C. § 1692e and because Defendants have not challenged the adequacy of Canlas' allegations that E&A did not intend to take the action threatened, the Court will deny Defendants' motion to dismiss the claim at issue on the ground that it fails to state a claim upon which relief can be granted.  This ruling applies both to Canlas' claim under 15 U.S.C. § 1692e(5) and to his claim under 15 U.S.C. § 1692e(10), the latter of which is challenged by Defendants only on the grounds already discussed with respect to the claim under 15 U.S.C. § 1692e(5).

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED.

DATED: July 6, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

3  June D. Coleman       jcoleman@mpbf.com, mellis@mpbf.com, fwilson@mpbf.com

4  Ronald Wilcox         ronaldwilcox@post.harvard.edu

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-00375 JF
ORDER DENYING MOTION TO DISMISS
(JFEX2)